KDCO, INC., and RENAL CARE    )
GROUP OF THE MIDWEST, INC.,    )
                                  )
           Plaintiffs,       )
                                  )
        vs.                )     Case No.  1:16CV00212 AGF
                                  )
HEALTHLINK, INC., et al.,      )
                                  )
           Defendants.    )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 54) of Plaintiffs KDCO, Inc., and Renal Care Group of the Midwest, Inc., to remand the case to the state court in which it was filed.  Three pairs of Defendants remain in the case: (1) Healthlink, Inc., and Healthlink HMO, Inc. (jointly, "Healthlink"); (2) Health Systems, Inc., Employee Health Plan and Health Systems, Inc. (jointly, "HSI"); and (3) Southeast Missouri Hospital Association Employee Health Plan and Southeast Missouri Hospital Association (jointly, "SEM").  HIS and SEM are employee benefit plans regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)*, et seq.* ("ERISA"), and their administrators.  For the reasons set forth below, the motion to remand will be granted.

## BACKGROUND

The case arises out of the alleged underpayment by ERISA-governed benefit plans for medical services provided to plan beneficiaries.  Plaintiffs are two facilities

that provide dialysis treatments to patients.  In their state court petition, they assert that

they were parties to two "Network Agreements" with Healthlink, which operates a

preferred provider organization ("PPO") network, a mechanism that brings healthcare

providers, such as Plaintiffs, and healthcare payers, such as HSI and SEM, together to

establish reimbursement rates and payment terms.  According to the petition,

Healthlink, like other network operators, contracts on the one hand with healthcare

providers, and separately, with health plans, administrators, and other payers.  The

network agreements entered into between Healthlink and Plaintiffs promised that the

reimbursement rates listed in the agreements' fee schedules would be paid by network

payers, which included HSI and SEM.

Plaintiffs allege that beginning in 2013, HSI and SEM reduced the amounts paid

for dialysis treatments Plaintiffs provided to three patients (Patients A, B, and C) below

the Healthlink network rates.  Plaintiffs assert three alternative claims against HSI and

SEM: (a) breach of the Healthlink network agreements for failing to pay pursuant to

network rates; (b) breach of an implied contract between Plaintiffs and the payer

Defendants that network rates would be paid for medical services provided; and (c)

promissory estoppel based on promises that network rates would be paid.  Plaintiffs

also assert two claims against Healthlink: breach of contract and breach of the duty of

good faith and fair dealing, for allowing the slashing of payments below network rates.

Plaintiffs seek $2.2 million in damages for alleged underpayments ("lost additional

reimbursement") for services rendered to Patients A, B, and C.

HSI removed the case to this Court, asserting federal question jurisdiction on the theory that Plaintiffs' claims arose under, and were completely preempted by, ERISA. Plaintiffs now move to remand the case, maintaining that there is no federal question jurisdiction as they are only asserting state law claims. HSI and SEM oppose the motion, reasserting that Plaintiffs' claims are completely preempted by ERISA and that hence, removal was proper.

## DISCUSSION

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litig*., 591 F.3d 613, 619 (8th Cir. 2010). Federal courts have, per statute, "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the "well-pleaded complaint rule," a plaintiff is considered master of the complaint and a court typically decides whether a claim "arises under" federal law by examining the allegations in the Complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Where, however, Congress has completely preempted a particular area of law, claims asserted in that area will be considered federal whether they are pleaded as federal or not. *Id*. It is the removing party's burden to demonstrate the existence of federal subject matter jurisdiction. *In re Bus. Men's Assur. Co. of Am*., 992 F.2d 181, 183 (8th Cir. 1993)

In *Davila*, the Supreme Court set forth a two-prong test to determine whether a state-law claim is completely preempted by ERISA, so as to confer federal subject matter

3

jurisdiction sufficient to support removal: "If an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210.

As Plaintiffs argue, where medical providers sue payers and/or network operators for payments at the rates set out in network agreements, as Plaintiffs do here, courts routinely find that neither prong of the *Davila* test is satisfied, and remand the case. The courts reason that the medical providers could not bring their rate-of-payment claims under ERISA's civil enforcement provision, and that there is a duty of payer network participants to honor their network agreements, independent of ERISA. *See, e.g.*, *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 530 (5th Cir. 2009) ("A claim that implicates the rate of payment as set out in the Provider Agreement, rather than the right to payment under the terms of the benefit plan, does not run afoul of *Davila* and is not preempted by ERISA.") (citing cases from the Third and Ninth Circuits); *The Nebraska Methodist Hosp. v. State Law Enf't Bargaining Council Employee Health*, No. 8:15CV216, 2015 WL 8328158, at *2 (D. Neb. Dec. 7, 2015); *cf. Plastic Surgery Grp., P.C. v. United Healthcare Ins. Co. of N.Y.*, 64 F. Supp. 3d 459, 465 (E.D.N.Y. 2014) ("While right-to-payment claims implicate coverage and benefits established by the terms of the ERISA benefit plan, which may be brought under § 502(a)(1)(B), amount-of-payment claims are typically construed as independent contractual obligations between the provider and the benefit plan.") (citation omitted).

The Court finds these cases to be well-reasoned.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand the case to the state court in which it was filed is **GRANTED**. (Doc. No. 54.)

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** without prejudice.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2016.